**SO ORDERED.**

**SIGNED this 22 day of January, 2010.**



*Dale L. Somers*
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

Not designated for on-line or print publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

RICHARD OTIS MILAM,

DEBTOR.

CASE NO. 09-20199
CHAPTER 7

**MEMORANDUM OPINION AND ORDER GRANTING RELIEF FROM STAY**

Following hearing on December 18, 2009, the Court took under advisement the Motion for Relief from Stay pursuant to 11 U.S.C. § 362(d)(1) (hereafter "Motion") filed by creditors Teltech, Inc., Shane Jarvis, and Carmen Jarvis (hereafter Movants). Having considered the Motion, Debtor Richard Otis Milam's response opposing the Motion, and the statements of counsel and the Chapter 7 Trustee, the Court is now ready to rule and for the reasons stated below, grants the motion.[1]

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. A motion for relief from stay is a core proceeding which this Court may hear and determine as provided in 28 U.S.C.

Prepetition Shane Jarvis and Carmen Jarvis funded Teltech, Inc. with their personal assets to enable Teltech, Inc. to purchase the assets of Teltech Communications (apparently owned by Debtor) and to operate the company after purchase. The Asset Purchase Agreement pursuant to which Teltech made the purchase was prepared and negotiated by Debtor and his attorney. On August 24, 2001, Teltech, Inc., Shane Jarvis, and Carmen Jarvis filed a civil lawsuit against Debtor, his transaction attorney, her law firm, and others in the Circuit Court of Jackson County, Missouri, Case no. 01-CV-219893 (hereafter "State Case"). Plaintiffs, among other things, allege that Debtor and others made fraudulent misrepresentations and concealed material facts, causing damage, such that compensatory and punitive damages should be awarded. Debtor asserted a counterclaim against plaintiffs for payment of the purchase price and a cross claim against his former counsel. Significant discovery has been completed.

On January 30, 2009, Debtor filed a voluntary petition for relief under Chapter 7. As a result, the entire State Case has been stayed, even though there are defendants who are not protected by the stay of § 362. On March 17, 2009, Teltech, Inc., Shane Jarvis, and Carmen Jarvis filed a Complaint to Determine Dischargeability of Debt,[2] alleging that Debtor's liability to them arising out of the assets sale which is the subject of the State Case is nondischargeable. On September 29, 2009, the Motion for relief from stay was filed.

The question presented is which should be determined first, the State Case or the dischargeability complaint. Movants contend the state court claims should be decided first; Debtor and the Trustee contend that dischargeability should be determined first. Based upon the

---

§ 157(b)(2)(G). There is no objection to venue or jurisdiction over the parties.

[2] Case no. 09-6025. A motion to dismiss the dischargeability complaint is pending.

2

facts of this case, the Court rules that this case can be most expeditiously determined if relief from stay is granted and the dischargeability action is stayed.

The reasons for the Court's ruling is as follows. Substantial discovery has been completed in the State Case. The representation has been made that it could be tried in 2010. Even if that projection is overly optimistic, the Court believes that the State Case can proceed promptly.

A judgment in the State Case will determine Debtor's liability, if any, to Movants, thereby greatly simplifying the dischargeability litigation, since liability probably will not need to be litigated and the issues as to other persons involved in the transaction will have been determined. Delaying the litigation of the dischargeability complaint will make the State Case evidence, jury findings, and judgments as to all defendants available to Movants as a basis for them to evaluate whether to settle, litigate, or dismiss the dischargeability complaint.

There are defendants other than the Debtor in the State Case. They would be prejudiced if the dischargeability complaint were tried in this Court prior to trial of the State Case. It is doubtful whether the Debtor's liability to the Movants could be determined in this Court without these defendants appearing as witnesses and their taking positions to protect themselves from adverse impact of such testimony in the State Case. Neither the alternative of stay of the State Case until resolution of the dischargeability complaint nor proceeding simultaneously with the dischargeability case and the State Case as to all defendants except Debtor are good alternatives.

Although granting relief from stay may delay the resolution of the dischargeability complaint, the Court finds that possibility acceptable in the circumstances of this case. Granting relief will simplify the dischargeability litigation. Further the Trustee has announced his

intention to pursue the counterclaims and cross claims alleged by the Debtor in the State Case. Hence, even if the dischargeability complaint were tried first, the case would need to stay open while the Trustee is pursuing the estate's claims.

For these reasons, the Court grants relief from stay for cause under 11 U.S.C. § 362(d)(1) to allow the State Case to proceed against Debtor to determine his liability, if any, on the claims asserted in the State Case. Relief from stay is granted to allow for trial of claims against the Debtor and entry of judgment against the Debtor; however, the stay remains in effect as a bar to enforcement of any judgment so entered and to the collection of any costs assessed against the Debtor. By separate order, all action in the dischargeability adversary action will be stayed until further order of this Court to allow the State Case to proceed to determine Debtor's liability.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter. A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

###